**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAMUEL M. ISLES,

        Plaintiff,

v.                                    Case No. 3:18-cv-632-J-32JRK

JOHN DOE 1, et al.,

        Defendants.

_____

## ORDER

Plaintiff initiated this action on May 11, 2018, by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint) arising out of events that occurred at Columbia Correctional Institution (CCI) in July and August, 2017. Plaintiff has not paid the filing fee or moved to proceed as a pauper. See docket. In the Complaint, Plaintiff names as Defendants eight John Does, all of whom he sues in their individual capacities for the recovery of damages. See Complaint at 1, 8-9. He identifies the John Does as follows: (1) John Doe 1, the Warden of CCI; (2) John Does 2 and 3, "Captains"; (3) John Does 4 and 5, "Sergeants"; and (4) John Does 6, 7 and 8, "Corrections Officers." See Complaint at 4-5. Plaintiff asserts the John Doe Defendants acted with deliberate indifference to his safety in violation of the Eighth and Fourteenth Amendments. Id. at 5. Plaintiff also attempts to assert a state tort claim and a conspiracy claim. Id. at 6, 9-10.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint or any portion of a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. With respect to whether a complaint "fails to state a claim upon which relief may be granted," § 1915A mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against the Warden of CCI (John Doe 1) are due to be dismissed under this Court's screening obligation pursuant to the PLRA because Plaintiff has failed to state a claim for relief against him. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation

2

occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant. Plaintiff has asserted no allegations connecting the Warden to any wrongdoing or a denial of his constitutional rights. See Complaint at 5-8. Rather, Plaintiff appears to name the Warden only in his role as a supervisor of the other John Doe defendants.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted). See also Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012) (affirming summary judgment in favor of a defendant sued "only in his supervisory capacity" because the plaintiff asserted no allegations that the defendant participated in the action or that he was causally responsible for any violations). Plaintiff does not allege that the Warden personally participated in the alleged violations, or created or ratified a policy that resulted in the violation of his rights. See Complaint at 5-8. Because Plaintiff does not state a claim against the Warden, the Court will dismiss him from this action.

Because the only remaining Defendants are unidentified John Does, the entire action is due to be dismissed as well. The Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff's complaint failed to identify or describe the individual "guard" allegedly involved); Williams v. DeKalb Cty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . , when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action."). Cf. Dean v. Barber, 951 F.2d 1210, 1215 n.6, 1216 (11th Cir. 1992) (holding the district court erred in denying a motion to join a John Doe defendant because the plaintiff described the individual with sufficient clarity and precision such that the inclusion of his name would have been "surplusage"). Plaintiff's designation of John Doe Defendants 2 through 8 simply by a title held by numerous other individuals at the prison fails to provide the specificity required to avoid the fictitious-party pleading rule.[1] Therefore, the remaining John Doe Defendants are due to be dismissed, resulting in a dismissal of the action as a whole.

---

[1] Plaintiff has not only failed to provide any description, beyond a generic title, for these John Doe Defendants, he has not provided any supporting documents, such as grievances or disciplinary reports, that would indicate the specific individuals involved in the relevant incidents.

4

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**. If Plaintiff is able to identify any of the relevant Defendants, he may file a new case using the approved Civil Rights Complaint Form. The **Clerk** shall send Plaintiff a Civil Rights Complaint Form.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6
c: Samuel Isles